Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 7270 | DATE | 9/24/2001 |
| CASE TITLE | Jackie Gaston vs. Rita A. Fry, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Gaston's Application is granted to the extend that no advance payment of the $150 filing fee is required (although he does remain liable for its full payment in installments), but both his Complaint and his purported 1983 action are dismissed with prejudice. This dismissal constitutes a "strike" within the purview of Section 1915(g). The authorities at the County Jail are ordered to make the initial payment of $.67 when it is available in Gaston's account. Monthly payments are to be made until the full $150 filing fee is paid.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | SEP 2 5 2001 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SN | courtroom deputy's initials | 9/24/2001 date mailed notice | |
| | | SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACKIE GASTON, )
)
        Plaintiff, )
)
v. )  No. 01 C 7270
)
RITA A. FRY, et al., )
) **DOCKETED**
        Defendants. )
                                                  SEP 25 2001

## MEMORANDUM OPINION AND ORDER

Jackie Gaston ("Gaston") has tendered a self-prepared Complaint against Cook County Public Defender Rita Fry and Assistant Public Defender Bob Jackson, employing the form of Complaint provided by this District Court's Clerk's Office for persons in custody who seek to advance civil rights claims under 42 U.S.C. §1983 ("Section 1983"). Because Gaston's claim is "frivolous" in the legal sense as defined by <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) and as further refined in <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992), this Court dismisses both the Complaint and this action sua sponte.

First, however, the subject of Gaston's accompanying Application To Proceed Without Prepayment of Fees ("Application") must be addressed. In that respect Gaston has complied with 28 U.S.C. §1915 ("Section 1915") by accompanying the Application with a printout of his trust fund account at Cook County Department of Corrections ("County Jail"), where he is now in custody as a pretrial detainee. That printout reflects that the

monthly average of the deposits to his account during the relevant six-month period (Section 1915(a)(2)) was $3.33, so that the required initial partial filing fee payment amounts to $.67 (see Section 1915(b)(1)(A)).

Because Gaston now has only $.16 in his account at this time, however, it is insufficient to meet that initial requirement. Accordingly the authorities at the County Jail, to whom a copy of this memorandum opinion and order is being sent, are ordered to make that initial required payment as soon as at least $.67 is available in the account. After such payment, the trust fund officer at County Jail or any other correctional facility where Gaston is confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Gaston's name and the 01 C 7270 case number assigned to this action.

To turn to the merits of (or in this instance the lack of merit in) Gaston's substantive allegations, he complains of what

he considers the faulty handling of his criminal case by the Public Defender's Office. But it has been firmly established for two decades, ever since the decision in <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981), that a public defender is not a "state actor" such as to be vulnerable to suit under Section 1983. Gaston's claim is therefore not one of constitutional deprivation, but is at best a state law claim of purported legal malpractice--and this federal court lacks subject matter jurisdiction over such a state law claim.

Accordingly Gaston's Application is granted to the extent that no <u>advance</u> payment of the $150 filing fee is required (although he does remain liable for its full payment in installments as set out earlier), but both his Complaint and his purported Section 1983 action are dismissed with prejudice. This dismissal constitutes a "strike" within the purview of Section 1915(g).

*[signature]*
Milton I. Shadur
Senior United States District Judge

Date: September 24, 2001